UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TIMMIE D. COLE, SR., a/k/a Timmie Durrell Cole, Sr., a/k/a/ Timmie Durrell Cole, | ) ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 6: 16-053-DCR |
| V. | ) ) | |
| J. RAY ORMOND, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Timmie Durrell Cole, Sr., is an inmate confined by the Bureau of Prisons at the United States Penitentiary-McCreary located in Pine Knot, Kentucky.[1]  Proceeding without an attorney, Cole has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]  Through this petition, he seeks to challenge his federal drug convictions. Because a § 2241 petition is not the proper vehicle for obtaining the relief sought, the petition will be denied.

**I.**

In August 2003, a federal jury in Davenport, Iowa, convicted Cole of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

---

[1]  The Clerk of the Court has identified "Timmie Durrell Cole, Sr." as an alias designation for Cole.  The BOP identifies Cole, BOP Register No. 08570-030, as "Timmie Durrell Cole."  *See* https://www.bop.gov/inmateloc/ (last visited on May 18, 2016).  The Clerk of the Court will be instructed to list "Timmie Durrell Cole" as another alias designation for Cole on the CM/ECF cover sheet.

Cole received a mandatory life sentence. *United States v. Timmie D. Cole*, No. 3: 02-CR-00034-REL-3 (S.D. Iowa, 2002) [Record No. 252, therein]  Cole appealed, arguing that the evidence at trial was insufficient to establish actual or constructive possession of the drugs, and that the district court committed reversible error by failing to grant a mistrial and by failing to properly instruct the jury regarding a missing witness.  Cole's convictions were affirmed on appeal. *United States v. Timmie Durrell Cole, Sr.*, 380 F.3d 422 (8th Cir. 2004).

On November 28, 2005, Cole filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In that proceeding, he alleged that during various stages of his criminal proceeding, he had been denied effective assistance of counsel,[2] and that the trial court failed to find all facts necessary to increase his sentence under the federal guidelines beyond a reasonable doubt. *Cole v. United States*, No. 4:05-CV-00635-REL (S.D. Iowa, 2005)  The district court appointed counsel for Cole and conducted an evidentiary hearing.  However, on September 7, 2007, the court denied Cole's § 2255 motion.  [*Id.*, Record No. 52, therein]

---

[2]  Cole alleged that his trial counsel rendered ineffective assistance by: (i) not allowing him to testify in his own defense at trial; (ii) failing to request a jury instruction requiring the jury to determine drug quantities reasonably foreseeable to him, as opposed to quantities attributable throughout the conspiracy; (iii) failing to argue and present evidence that some or all of the crack cocaine attributable to Cole was not cocaine base; (iv) failing, at sentencing, to object to the pre-sentence investigation report that states he had at least two prior drug convictions, which subjected him to a mandatory term of life imprisonment; (v) failing, at sentencing, to argue that the predicate felonies be classified as "related" rather than separate acts; and (vi) failing to collaterally attack the predicate felonies as unconstitutionally obtained.  Cole further alleged that his trial counsel committed other cumulative errors, by (i) failing or refusing to argue that the police fabricated evidence and used unreliable fingerprinting methods during the investigation; (ii) failing to play exculpatory portions of audio tapes at trial and/or preventing Cole from explaining the incriminating portions of the audio tapes (another aspect of Cole's claim that his counsel prevented him from testifying at trial); and (iii) failing to request a continuance to enable witness Sandra Henderson (who had not been subpoenaed) to testify at trial at a later time.

-2-

After examining each of Cole's arguments, the district court determined that Cole had not been denied effective assistance of counsel at any stage of his criminal proceeding. It explained that counsel's advice that Cole not testify was carefully considered and was part of his defense strategy. Further; for various reasons, Cole did not demonstrate (i) prejudice stemming from his failure to testify; or (ii) that the jury instructions were improper. Likewise, the district court concluded that the jury properly found Cole responsible for conspiring to distribute cocaine base with a quantity involved of 50 grams or more and that Cole had procedurally defaulted his claim that sentence was based on factors not proved beyond a reasonable doubt. Further, Cole's sentencing challenge regarding the standard of proof lacked merit. [*Id.*, pp. 4-7]

The district court further determined that Cole's counsel did not render ineffective assistance at sentencing when he failed to challenge the validity Coles's prior convictions, noting that the pre-sentence investigation report listed eleven prior convictions for Cole, each of which had separate dates and consisted of different charges, and that none of the prior convictions were "related" for sentencing purposes. [*Id.*, p. 7] Finally, the district court concluded that none of alleged "cumulative errors" about which Cole complained qualified as constitutionally defective performance of counsel under *Strickland v. Washington*, 266 U.S. 668, 694 (1984). [*Id.*, pp. 7-9, therein] Cole appealed, but the Eighth Circuit declined to issue a Certificate of Appealability. [*Id.*, Record No. 65, therein; *Timmie Durrell Cole, Sr., v. United States*, No. 07-3173 (8th Cir. Sept. 18, 2008)]

On May 1, 2009, Cole moved for relief under Rule 60(b)(3) of the Federal Rules of Civil procedure, arguing that his arrest and conviction were the result of fraud perpetrated on

the court.  *Cole v. United States*, No. 4:09-cv-00172-REL (S.D. Iowa, 2009). [Record No. 1, therein]   While Cole did not want the motion treated as an action under § 2255, the Government moved to dismiss it as an unauthorized second or successive § 2255 proceeding. [*Id.*, Record No. 4, therein]  On January 18, 2011, the district court concluded that Cole had not obtained authorization from the Eighth Circuit to file a successive § 2255 motion and granted the Government's motion to dismiss the construed successive § 2255 motion.  [*Id.*, Record No. 5, therein]  Cole did not appeal.

On August 12, 2014, Cole filed a document captioned "Pro Se Motion for Relief Pursuant to FRCvP Rule 60(b)," resulting in the opening of a new civil action: *Timmie D. Cole v. United States of America*, No. 4:14-CV-00317-REL (D. Iowa 2014). [Record No. 1, therein]  Cole argued that his life sentence should be amended based on the Court's holding in *Descamps v. United States*, 133 S. Ct. 2276 (2013).  [*Id.*]  On that same date, the district court entered an Order construing Cole's pleading as another successive § 2255 motion for which Cole had not obtained appellate permission to file.  As a result, it denied the relief sought.  [*Id.*, Record No. 2, therein; Judgment at Record No. 3, therein]  And again, Cole did not appeal.

## II.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  However, because Cole is not represented by an attorney, the Court evaluates his petition

under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007)  At this stage of the proceedings, the Court accepts Cole's factual allegations as true and liberally construes his legal claims.

In his § 2241 petition, Cole continues to challenge his underlying drug convictions by arguing that, during the criminal investigation phase of his case, law enforcement, federal agents and prosecutors engaged in various forms of misconduct, including: (i) obtaining a search warrant based on false evidence and fraudulent statements; (ii) using an unreliable confidential informant; (iii) engaging in various forms of prosecutorial misconduct during the trial; (iv) failing and refusing to produce a specific witness (identified as "Parrow") to testify against him.   Additionally, Cole continues to claim that: (i) the evidence and testimony presented at trial was insufficient to support his conviction; and (ii) in numerous instances during his criminal proceeding, he received ineffective assistance of counsel. Again, Cole contends that that his trial counsel improperly prevented him from testifying at trial.   He asserts that, had been allowed to testify, he likely would not have been convicted.

### III.

As a general rule, 28 U.S.C. § 2255 provides the proper avenue to challenge a federal conviction or sentence.   Conversely, a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.

1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, § 2255 as opposed to § 2241 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this section, a prisoner may to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

Alternatively, a prisoner proceeding under § 2241 can utilize the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court

case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Cole is not challenging the execution of his sentence. Instead, he challenges the validity of his underlying drug convictions, claiming that they resulted from various acts of police/investigative misconduct (an alleged violation of the Fourth Amendment's prohibition against unreasonable searched and seizures); various acts of prosecutorial misconduct (an alleged violation of the Fifth Amendment's guarantee of due process); and various instances of ineffective assistance of counsel (an alleged violation of the Sixth Amendment's guarantee of effective assistance of counsel in criminal proceedings). In short, Cole is challenging the constitutionality of his conviction on Fourth, Fifth, and Sixth Amendment grounds under § 2241 *via* the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Id.* at 756-58; *Rumler v. Hemingway*, 43 F

-7-

App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Cole has not carried that burden in this proceeding. Cole either knew or should have known of the facts and circumstances giving rise to the claims set forth in his § 2241 petition when he filed his direct appeal of his conviction to the Eighth Circuit or, at the latest, in November 2005 when he filed his §2255 motion in the district court. As for his Sixth Amendment claim alleging ineffective assistance of counsel, Cole merely rehashes the same argument challenging his attorney's decision and trial strategy not to have him testify at trial. This is the same claim which Cole previously raised in his § 2255 motion, which the district court rejected on September 7, 2007, and for which the Eighth Circuit declined to issue a certificate of appealability. As *Charles* dictates, Cole cannot use § 2241 to recycle the same claims which were previously but unsuccessfully advanced in a § 2255 motion. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

As noted above, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue such a claim under this section when the claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). Again, "[i]t is the petitioner's

burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

In his § 2241 petition, Cole broadly alleges that he is "actually innocent" of the drug offenses of which the jury found him guilty, but he cites no case decided by the Supreme Court which applies retroactively to him and which affords him relief from his conviction and sentences. In short, Cole has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the crack cocaine possession offense and conspiracy to distribute crack cocaine offense of which he was convicted. Because Cole is not entitled to relief from his conviction under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

(1)     The Clerk of the Court shall list "Timmie Durrell Cole" as another alias designation for the Petitioner on the CM/ECF cover sheet.

(2)     The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Timmie D. Cole, a/k/a/ Timmie Durrell Cole, Sr., [Record No. 1] is **DENIED**.

(3)     This proceeding is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

This 18th day of May 2016.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**